HUDSON COUNTY COURT OF COMMON PLEAS.

FRANK LOMBARDO, PETITIONER-APPELLANT, v. FEDERAL SHIPBUILDING AND DRY DOCK COMPANY, RESPONDENT-APPELLEE.

Decided June 11, 1946.

For the petitioner-appellant, *Jacob E. Max.*

For the respondent-appellee, *Stryker, Tams & Horner.*

DREWEN, C. P. J. Petition was filed in the Compensation Bureau for an award to cover what the petition describes as an "injury to the left shoulder and arm resulting in permanent disability affecting the left arm."

Petitioner's work included the scraping of wall and ceiling surfaces with a wire brush. He is of low stature, five feet and one inch, and he testified that when he was assigned to a particular job of ceiling scraping on December 2d, 1944, he complained to the foreman that the scaffold was too low for his reach; that notwithstanding this the height of the scaffold was permitted to remain unadjusted; that in doing his utmost to perform the task assigned, and while in the act of reaching and scraping, he heard his left shoulder snap. He went to the first aid station, where his shoulder was strapped and he there had one or two subsequent treatments.

On the last occasion of his going to the first aid station for treatment he says he was required to wait so long that he returned no more. He testified that the shoulder bothers him when he moves it, when the weather is a little cold or damp.

About a week after the alleged accident he was discharged. One month later he was employed by an enterprise which he describes as "the East Coast" and also at the Bayonne Naval Base, in both of which jobs his work was painting. After being last treated at the first aid station he had no treatment by a physician. At the time of the hearing he was wearing no strap or other healing or protective device for his shoulder.

The medical report of Dr. Alpert was stipulated into evidence. His examination was made March 5th, 1945, the report of which was: "There is some tenderness in the left supra-clavicular area with incomplete extension of the arm at the shoulder. Suggest X-ray of the affected area and estimate existing disability at 10 per cent. of the arm. Diagnosis of probable residual bursitis."

Also stipulated into evidence was a report of examination made by Dr. Urban. It reads as follows:

"History: While wire-brushing overhead got pain in left shoulder. Patient claims pain left shoulder. Examination of the shoulder does not show any trauma. Perfect function. There is no swelling, no bulging, no spasm of the muscle. Not permanent."

For respondent, Dr. Koppel gave testimony of an examination made by him on July 10th, 1945. In relation to the issues here presented the examination was negative, save only that the patient complained of pain in the left arm and shoulder. The witness stated, however, that petitioner did not complain when he moved the arm on the doctor's examination.

Dr. Alpert's suggestion that an X-ray be taken of the affected area was evidently not carried out.

From the above it appears that the only proof submitted to support the claim is entirely subjective. In a case of this character it would be presumptuous and arbitrary, as we judge it, to reverse the determination rendered in the Bureau. A reversal under the circumstances could be scarcely better than fiat. This is pre-eminently the kind of case in which the

advantage of the trier of fact below in having the witnesses actually before him for observation of demeanor and all the other immediate tests of credibility must be given decisive weight. Nor do we overlook the fact that in addition the record presents the unequivocal proof adduced by respondent in the testimony of Drs. Urban and Koppel.

The determination of the Deputy Commissioner was that petitioner failed to prove by the preponderance of the evidence that he had sustained any temporary or permanent disability, resulting from an accident arising out of and in the course of his employment. That result is affirmed.